## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 4:25-CV-00233-RSB-BWC |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA and MEDICAL | ) | |
| COLLEGE OF GEORGIA AT | ) | |
| AUGUSTA UNIVERSITY | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF MORGAN DAVIS

I, Morgan Davis, declare as follows:

1.

My name is Morgan Davis. The facts in this declaration are true and correct and are based on my personal knowledge and to the best of my recollection. I am over the age of majority and suffer no civil or legal disability. I give this declaration voluntarily for use in this civil action and for all other legal purposes.

2.

I am the Director of Student Wellbeing at Augusta University. I have served in this role for 11 months and as the Student Wellness Coordinator for over 3 years before this promotion. I am a national board-certified health and wellness coach.

My job duties include Lead strategic direction and implementation of student wellbeing initiatives across the university; supervise and mentor professional staff and student leaders in delivering workshops, events, and digital campaigns that promote holistic wellness; provide individual wellness coaching to students; develop and assess programs to measure impact and outcomes; manage budgets and pursue funding opportunities to enhance student wellbeing resources and health promotion efforts..  I have also volunteered to serve as a hearing panelist in Title IX hearings and non-Title IX sexual misconduct hearings.  I volunteer because I am looking to expand my skill set and career experience.  I received training about serving as a hearing panelist by the University System of Georgia's central office.  The training made no reference to gender in the context of the complainants and respondents, and if it did, it was balanced in gender assignments to both positions.  I have also received training from Julie Kneuker in Augusta University's Title IX office which also did not include any reference to gender, but rather was policy based.  Also, before a panel conducts the hearing in each case, Julie trains us again on the policy at issue.  You are not told the gender of the parties or the charges associated with the case before you agree to serve on the panel.

3.

On July 18, 2025, I served on the hearing panel in a student misconduct matter involving John Doe. I served on the hearing panel as a decision-maker along with Mark Myers and Lisa Kedigh.

4.

The issue before the panel for hearing was about an allegation against John Doe about an incident that took place off campus on March 29, 2025. The allegation was that he engaged in nonconsensual sex with Jane Roe, both medical students, when she was too intoxicated, and was therefore incapacitated to consent. I understood that the applicable policy was the Sexual Misconduct Policy. (Exhibit A to the Declaration of Kimberly C. Lau). I have reviewed Exhibit A attached to the Lau Declaration of Kimberly C. Lau and it is a true and accurate copy of this policy.

5.

Under the policy, "incapacitation" is defined as the physical and/or mental inability to make informed, rational judgment which can result from alcohol and/or drugs. Because the parties agreed that they had sex, my focus was on whether Jane Roe was incapacitated and therefore unable to consent.

6.

During the hearing, both John Doe and Jane Roe were represented by attorneys. Both gave opening statements, called and questioned the witnesses and gave impact statements at the end. The panel members also questioned the parties and the witnesses directly. Witnesses have the option to participate in the process and/or the hearing.

7.

After the hearing, we, the panelists, met and deliberated for approximately seven hours over multiple days. Ultimately, I concluded that the preponderance of the evidence supported that Jane Roe was incapacitated and therefore unable to consent to the sexual activity. This decision was unanimous. I came to this conclusion because of consistency of witness accounts, bystander intervention attempts, inconsistencies in John Doe's testimony, and contradictory evidence from witness testimony and other evidence with John Doe's account.

8.

Credibility is important and the inconsistencies kept popping up at key points. I did not find John Doe to be credible because he offered too many inconsistencies regarding his level of intoxication, whether the encounter was consensual on his end, his description of her intoxicated behavior versus the other

bystanders reports, and his memory of what brought him up to the apartment after he said no in the car.

9.

I drafted the final decision and sent it to Mark and Lisa to review and edit. No one else aside from the three of us had input into this decision.

10.

My conclusion had nothing to do with gender. It was based upon the inconsistencies in his stories and the evidence of her incapacity to consent. This decision was based on the preponderance of the evidence based on what was provided to me as a panelist in the written report and live hearing.

11.

I have read the above and it is true and correct and based on my personal knowledge. As provided by 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 10th day of October, 2025.

DocuSigned by:
*Morgan Davis*
7FD39F9BB67F4C9...

10/10/2025 | 12:07:27 EDT

MORGAN DAVIS