IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 4:25-CV-00233-RSB-BWC |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA and MEDICAL | ) | |
| COLLEGE OF GEORGIA AT | ) | |
| AUGUSTA UNIVERSITY | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF LISA KEDIGH

I, Lisa Kedigh, declare as follows:

1.

My name is Lisa Kedigh. The facts in this declaration are true and correct and are based on my personal knowledge and to the best of my recollection. I am over the age of majority and suffer no civil or legal disability. I give this declaration voluntarily for use in this civil action and for all other legal purposes.

2.

I am an Internal Auditor in the Office of Audit, Compliance, Ethics and Risk Management. I have been in this position since 2018, and I have worked at Augusta University for 35 years. In 2016, I was asked to serve as a hearing

panelist in Title IX hearings. I agreed to volunteer because I thought it would be a good learning experience, would be valuable to the institution and was a good way for me to give back.

3.

I have served as a hearing panelist on 3 hearings. I have attended two hearing panelist trainings through the University System central office. I have also received some training through Augusta University's Title IX office. None of the trainings ever discussed gender as part of the process.

4.

For this case, Julie Kneuker contacted me to find out if I was available to serve as on the hearing panel, but did not provide any specific details about the case at that time. I did not know the complainant or respondent ahead of time or the other panel members.

5.

The hearing took all day. In addition to witnesses providing live testimony, we reviewed a recording of the door camera footage and a recording made by another student of a conversation with the respondent, which both lawyers used in the case.

6.

I concluded the Complainant was incapacitated because all the witnesses at the party provided details of her intoxication. I found them credible because they were consistent in their observations through the investigation and the hearing. I also thought the ring door camera did show her to be not as stable on her feet, relying on the railing.

7.

I concluded that the respondent was not credible because he had several inconsistencies in his story, including whether the sexual encounter was consensual on his part, and whether he was intoxicated or not. Also, he said she was not intoxicated despite the other witnesses observing signs of intoxication and he was with her for most of the night.

8.

The Complainant was consistent and her story never changed.

9.

The panelists deliberated for about an hour and a half after the hearing and then more the next week over a couple of days. The decision was unanimous. I approached the hearing objectively and made my decision on the facts and

impressions of credibility of the witnesses. No one else participated in the decision. I believe the process was fair and the gender of the parties did not play any role.

10.

I have read the above and it is true and correct and based on my personal knowledge. As provided by 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 10th day of October, 2025.

*Lisa Kedigh*
_____
LISA KEDIGH