# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 4:25-CV-00233-RSB-BWC |
| BOARD OF REGENTS OF THE ) | |
| UNIVERSITY SYSTEM OF ) | |
| GEORGIA and MEDICAL ) | |
| COLLEGE OF GEORGIA AT ) | |
| AUGUSTA UNIVERSITY ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF MARK MYERS

I, Mark Myers, declare as follows:

1.

My name is Mark Myers. The facts in this declaration are true and correct and are based on my personal knowledge and to the best of my recollection. I am over the age of majority and suffer no civil or legal disability. I give this declaration voluntarily for use in this civil action and for all other legal purposes.

2.

I am the Director for New Students & Family Transitions at Augusta University. I have served in this role for four years. My job is to orient new students and their families to the university. I have also volunteered to serve as a student advisor and as a hearing panelist in Title IX hearings and non-Title IX

sexual misconduct hearings. I volunteer because I see it as another way of serving the University and its students. I received training from Julie Kneuker, the Title IX Coordinator at Augusta University, based on the University System of Georgia's central office training materials in 2022. I have also received refresher training from Julie, annually and prior to all cases I have sat on.

3.

On July 18, 2025, I served on the hearing panel in a student misconduct matter involving John Doe. I served on the hearing panel as a decision-maker along with Morgan Davis and Lisa Kedigh.

4.

The issue before the panel for hearing was about an allegation against John Doe about an incident that took place off campus on March 29, 2025. The allegation was that he engaged in nonconsensual sex with Jane Roe, both medical students, when she was too intoxicated, and was therefore incapacitated to consent. I understood that the applicable policy was the Sexual Misconduct Policy. (Exhibit A to the Declaration of Kimberly C. Lau). I have reviewed Exhibit A attached to the Lau Declaration of Kimberly C. Lau and it is a true and accurate copy of this policy.

5.

Under the policy, "incapacitation" is defined as the physical and/or mental inability to make informed, rational judgment which can result from alcohol and/or drugs. Because the parties agreed that they had sex, my focus was on whether or not Jane Roe was incapacitated and therefore unable to consent.

6.

During the hearing, both John Doe and Jane Roe were represented by attorneys. Both gave opening statements, called and questioned the witnesses and gave impact statements at the end.

7.

After the hearing, the panelists met and deliberated for approximately seven hours over multiple days. Ultimately, I concluded that the preponderance of the evidence supported that Jane Roe was incapacitated and therefore unable to consent to the sexual activity. I came to this conclusion because her story was consistent and the observations of the bystanders at the party affirmed that a reasonable person would find Roe to be incapacitated.

8.

I did not find John Doe to be credible because there were too many inconsistencies in his story with respect to his level of intoxication; the timing and sequence of events after they left the party and the description of the sexual encounter itself; his filing of his own Title IX complaint and his memory. His

testimony supported that he was of sound mind and was making decisions, yet his recounting of her behavior varied so much from the other party attendees.

9.

My conclusion had nothing to do with gender. It was based upon the inconsistencies in his stories and the evidence of her incapacity to consent.

10.

I have read the above and it is true and correct and based on my personal knowledge. As provided by 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this /0 day of October, 2025.

_____
MARK MYERS