UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOHN DOE,

      Plaintiff,

v.

BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF
GEORGIA, *et. al.*,

      Defendants.

)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.
4:25-CV-00233-RSB-BWC

JURY TRIAL DEMANDED

---

## ANSWER AND DEFENSES OF DEFENDANTS

COME NOW the Board of Regents of the University System of Georgia (the "Board") and Medical College of Georgia at Augusta University ("MCG AU"), named as defendants in the above-referenced matter and referred to collectively as "Defendants," by and through counsel, and file this Answer and Defenses to the complaint of Plaintiff John Doe ("Plaintiff"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

To the extent Plaintiff asserts a claim against MCG AU, Defendants assert that MCG AU is not an entity capable of being sued, and, therefore, Plaintiff's claims against MCG AU are subject to dismissal.

1

### THIRD DEFENSE

Some of Plaintiff's claims and/or remedies may be subject to dismissal for lack of subject matter jurisdiction.

### FOURTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff has failed to satisfy all jurisdictional and administrative prerequisites for such claims, including the failure to exhaust administrative remedies.

### FIFTH DEFENSE

Plaintiff's claim for damages, the entitlement to which is expressly denied, is barred to the extent that he has failed to mitigate damages as required by law.

### SIXTH DEFENSE

Plaintiff's Complaint, in whole or in part, is barred because the damages allegedly suffered by Plaintiff are too remote to form the basis of any recovery against Defendants or any one of them.

### SEVENTH DEFENSE

Defendants deny any allegation not expressly admitted herein.

Without waiving any defenses, Defendants respond to the specific numbered paragraphs of Plaintiff's Complaint as follows:

1.      In response to paragraph 1 of Plaintiff's complaint, Defendants admit that, in this lawsuit, Plaintiff asserts claims pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 et seq ("Title IX").  Defendants further admit that Plaintiff is a former student at MCG AU who was expelled from MCG AU.  Defendants deny the remaining allegations contained in paragraph 1 of Plaintiff's complaint.

2.      In response to paragraph 2 of Plaintiff's complaint, Defendants admit that Plaintiff was a second-year medical student at MCG AU when he was expelled from MCG AU in relation to allegations that Plaintiff had committed sexual misconduct towards Jane Doe ("Jane"), who was Plaintiff's classmate at MCG AU.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of Plaintiff's complaint and Defendants can neither admit nor deny the same.

3.      Defendants deny the allegations contained in paragraph 3 of Plaintiff's complaint.

4.      Defendants deny the allegations contained in paragraph 4 of Plaintiff's complaint.

5.      Defendants deny the allegations contained in paragraph 5 of Plaintiff's complaint.

6.      Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's complaint and can neither admit nor deny the same.

7.      Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's complaint and can neither admit nor deny the same.

8.      Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's complaint and can neither admit nor deny the same.

9.      Defendants admit the allegations contained in paragraph 9 of Plaintiff's complaint.

10.     Defendants admit the allegations contained in paragraph 10 of Plaintiff's complaint.

11.     In response to paragraph 11 of Plaintiff's complaint, Defendants deny that this Court has jurisdiction over Plaintiff's claims against MCG AU because MCG AU is not an entity

capable of being sued. Defendants admit the remaining allegations contained in paragraph 11 of Plaintiff's complaint.

12.     In response to paragraph 12 of Plaintiff's complaint, Defendants deny that this Court has jurisdiction over Plaintiff's claims against MCG AU because MCG AU is not an entity capable of being sued. Defendants admit the remaining allegations contained in paragraph 12 of Plaintiff's complaint.

13.     Defendants admit the allegations contained in paragraph 13 of Plaintiff's complaint.

14.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's complaint and can neither admit nor deny the same.

15.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's complaint and can neither admit nor deny the same.

16.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's complaint and can neither admit nor deny the same.

17.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's complaint and can neither admit nor deny the same.

18.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's complaint and can neither admit nor deny the same.

19.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's complaint and can neither admit nor deny the same.

20.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's complaint and can neither admit nor deny the same.

21.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's complaint and can neither admit nor deny the same.

22.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's complaint and can neither admit nor deny the same.

23.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's complaint and can neither admit nor deny the same.

24.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's complaint and can neither admit nor deny the same.

25.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's complaint and can neither admit nor deny the same.

26.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's complaint and can neither admit nor deny the same.

27.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's complaint and can neither admit nor deny the same.

28.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's complaint and can neither admit nor deny the same.

29.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiff's complaint and can neither admit nor deny the same.

30.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiff's complaint and can neither admit nor deny the same.

31.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiff's complaint and can neither admit nor deny the same.

32.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiff's complaint and can neither admit nor deny the same.

33.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiff's complaint and can neither admit nor deny the same.

34.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiff's complaint and can neither admit nor deny the same.

35.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of Plaintiff's complaint and can neither admit nor deny the same.

36.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of Plaintiff's complaint and can neither admit nor deny the same.

37.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of Plaintiff's complaint and can neither admit nor deny the same.

38.     In response to paragraph 38 of Plaintiff's complaint, Defendants admit that doorbell camera footage captured Jane leaving a house on the night of the alleged sexual assault (the "Incident").  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 of Plaintiff's complaint and can neither admit nor deny the same.

39.     In response to paragraph 39 of Plaintiff's complaint, Defendants admit that there is doorbell camera footage that shows Jane walking down steps and shows Jane walking on a sidewalk on the night of the Incident.   Defendants are without knowledge and information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39 of Plaintiff's complaint and can neither admit nor deny the same.

40.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of Plaintiff's complaint and can neither admit nor deny the same.

41.    In response to paragraph 41 of Plaintiff's complaint, Defendants admit that there is doorbell camera footage that shows Jane walking down steps and on a sidewalk on the night of the Incident.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41 of Plaintiff's complaint and can neither admit nor deny the same.

42.    In response to paragraph 42 of Plaintiff's complaint, Defendants admit that there is doorbell camera footage that shows Jane walking down steps and on a sidewalk on the night of the Incident.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 42 of Plaintiff's complaint and can neither admit nor deny the same.

43.    In response to paragraph 43 of Plaintiff's complaint, Defendants admit that there is doorbell camera footage that shows Jane on the night of the Incident.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43 of Plaintiff's complaint and can neither admit nor deny the same.

44.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of Plaintiff's complaint and can neither admit nor deny the same.

45.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of Plaintiff's complaint and can neither admit nor deny the same.

46.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of Plaintiff's complaint and can neither admit nor deny the same.

47.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of Plaintiff's complaint and can neither admit nor deny the same.

48.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of Plaintiff's complaint and can neither admit nor deny the same.

49.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of Plaintiff's complaint and can neither admit nor deny the same.

50.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of Plaintiff's complaint and can neither admit nor deny the same.

51.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of Plaintiff's complaint and can neither admit nor deny the same.

52.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of Plaintiff's complaint and can neither admit nor deny the same.

53.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of Plaintiff's complaint and can neither admit nor deny the same.

54.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of Plaintiff's complaint and can neither admit nor deny the same.

55.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of Plaintiff's complaint and can neither admit nor deny the same.

56.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of Plaintiff's complaint and can neither admit nor deny the same.

57.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of Plaintiff's complaint and can neither admit nor deny the same.

58.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of Plaintiff's complaint and can neither admit nor deny the same.

59.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of Plaintiff's complaint and can neither admit nor deny the same.

60.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of Plaintiff's complaint and can neither admit nor deny the same.

61.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of Plaintiff's complaint and can neither admit nor deny the same.

62.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of Plaintiff's complaint and can neither admit nor deny the same.

63.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of Plaintiff's complaint and can neither admit nor deny the same.

64.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of Plaintiff's complaint and can neither admit nor deny the same.

65.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of Plaintiff's complaint and can neither admit nor deny the same.

66.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of Plaintiff's complaint and can neither admit nor deny the same.

67.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of Plaintiff's complaint and can neither admit nor deny the same.

68.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of Plaintiff's complaint and can neither admit nor deny the same.

69.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of Plaintiff's complaint and can neither admit nor deny the same.

70.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of Plaintiff's complaint and can neither admit nor deny the same.

71.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of Plaintiff's complaint and can neither admit nor deny the same.

72.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of Plaintiff's complaint and can neither admit nor deny the same.

73.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of Plaintiff's complaint and can neither admit nor deny the same.

74.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of Plaintiff's complaint and can neither admit nor deny the same.

75.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of Plaintiff's complaint and can neither admit nor deny the same.

76.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of Plaintiff's complaint and can neither admit nor deny the same.

77.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of Plaintiff's complaint and can neither admit nor deny the same.

78.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of Plaintiff's complaint and can neither admit nor deny the same.

79.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of Plaintiff's complaint and can neither admit nor deny the same.

80.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of Plaintiff's complaint and can neither admit nor deny the same.

81.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of Plaintiff's complaint and can neither admit nor deny the same.

82.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of Plaintiff's complaint and can neither admit nor deny the same.

83.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of Plaintiff's complaint and can neither admit nor deny the same.

84.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of Plaintiff's complaint and can neither admit nor deny the same.

85.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of Plaintiff's complaint and can neither admit nor deny the same.

86.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of Plaintiff's complaint and can neither admit nor deny the same.

87.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of Plaintiff's complaint and can neither admit nor deny the same.

88.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of Plaintiff's complaint and can neither admit nor deny the same.

89.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of Plaintiff's complaint and can neither admit nor deny the same.

90.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of Plaintiff's complaint and can neither admit nor deny the same.

91.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of Plaintiff's complaint and can neither admit nor deny the same.

92.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of Plaintiff's complaint and can neither admit nor deny the same.

93.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of Plaintiff's complaint and can neither admit nor deny the same.

94.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of Plaintiff's complaint and can neither admit nor deny the same.

95.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of Plaintiff's complaint and can neither admit nor deny the same.

96.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of Plaintiff's complaint and can neither admit nor deny the same.

97.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of Plaintiff's complaint and can neither admit nor deny the same.

98.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of Plaintiff's complaint and can neither admit nor deny the same.

99.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of Plaintiff's complaint and can neither admit nor deny the same.

100.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of Plaintiff's complaint and can neither admit nor deny the same.

101.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of Plaintiff's complaint and can neither admit nor deny the same.

102.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of Plaintiff's complaint and can neither admit nor deny the same.

103.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of Plaintiff's complaint and can neither admit nor deny the same.

104.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of Plaintiff's complaint and can neither admit nor deny the same.

105.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of Plaintiff's complaint and can neither admit nor deny the same.

106.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of Plaintiff's complaint and can neither admit nor deny the same.

107.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of Plaintiff's complaint and can neither admit nor deny the same.

108.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of Plaintiff's complaint and can neither admit nor deny the same.

109.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of Plaintiff's complaint and can neither admit nor deny the same.

110.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of Plaintiff's complaint and can neither admit nor deny the same.

111.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of Plaintiff's complaint and can neither admit nor deny the same.

112.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of Plaintiff's complaint and can neither admit nor deny the same.

113.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of Plaintiff's complaint and can neither admit nor deny the same.

114.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of Plaintiff's complaint and can neither admit nor deny the same.

115.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 of Plaintiff's complaint and can neither admit nor deny the same.

116.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of Plaintiff's complaint and can neither admit nor deny the same.

117.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of Plaintiff's complaint and can neither admit nor deny the same.

118.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of Plaintiff's complaint and can neither admit nor deny the same.

119.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of Plaintiff's complaint and can neither admit nor deny the same.

120.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of Plaintiff's complaint and can neither admit nor deny the same.

121.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 of Plaintiff's complaint and can neither admit nor deny the same.

122.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 122 of Plaintiff's complaint and can neither admit nor deny the same.

123.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 of Plaintiff's complaint and can neither admit nor deny the same.

124.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 of Plaintiff's complaint and can neither admit nor deny the same.

125.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of Plaintiff's complaint and can neither admit nor deny the same.

126.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of Plaintiff's complaint and can neither admit nor deny the same.

127.    Defendants admit the allegations contained in paragraph 127 of Plaintiff's complaint.

128.    In response to paragraph 128 of Plaintiff's complaint, Defendants admit that Augusta University ("AU") has a Sexual Misconduct Policy (the "Sexual Misconduct Policy") that defines "Consent" and that paragraph 128 of Plaintiff's complaint purports to quote that definition. To the extent the allegations contained in paragraph 128 of Plaintiff's complaint are inconsistent with the Sexual Misconduct Policy, Defendants deny those allegations.

129.    In response to paragraph 129 of Plaintiff's complaint, Defendants admit that the Sexual Misconduct Policy defines "Incapacitation" and that paragraph 129 of Plaintiff's complaint purports to quote that definition.  To the extent the allegations contained in paragraph 129 of Plaintiff's complaint are inconsistent with the Sexual Misconduct Policy, Defendants deny those allegations.

130.    In response to paragraph 130 of Plaintiff's complaint, Defendants admit that the Sexual Misconduct Policy defines "Nonconsensual Sexual Contact" and that paragraph 130 of Plaintiff's complaint purports to quote that definition.  To the extent the allegations contained in paragraph 130 of Plaintiff's complaint are inconsistent with the Sexual Misconduct Policy, Defendants deny those allegations.

131.    In response to paragraph 131 of Plaintiff's complaint, Defendants admit that the Sexual Misconduct Policy defines "Nonconsensual Sexual Penetration" and that paragraph 131 of Plaintiff's complaint purports to quote that definition.  To the extent the allegations contained in paragraph 131 of Plaintiff's complaint are inconsistent with the Sexual Misconduct Policy, Defendants deny those allegations.

132.    In response to paragraph 132 of Plaintiff's complaint, Defendants admit that the Sexual Misconduct Policy defines "Stalking" and that paragraph 132 of Plaintiff's complaint purports to quote that definition.  To the extent the allegations contained in paragraph 132 of Plaintiff's complaint are inconsistent with the Sexual Misconduct Policy, Defendants deny those allegations.

133.    In response to paragraph 133 of Plaintiff's complaint, Defendants admit that, as it relates to the definition of "Stalking," the Sexual Misconduct Policy provides a definition of "Course of conduct" and "Substantial emotional distress" and that paragraph 133 of Plaintiff's

complaint purports to quote that definition.  To the extent the allegations contained in paragraph 133 of Plaintiff's complaint are inconsistent with the Sexual Misconduct Policy, Defendants deny those allegations.

134.    In response to paragraph 134 of Plaintiff's complaint, Defendants admit that the Sexual Misconduct Policy defines "Sexual Misconduct" and that paragraph 134 of Plaintiff's complaint purports to quote that definition.  To the extent the allegations contained in paragraph 134 of Plaintiff's complaint are inconsistent with the Sexual Misconduct Policy, Defendants deny those allegations.

135.    In response to paragraph 135 of Plaintiff's complaint, Defendants admit that the Sexual Misconduct Policy provides actions for the Title IX Coordinator ("Coordinator") to take in the "Initial Evaluation of Sexual Misconduct Reports" and that paragraph 135 of Plaintiff's complaint purports to quote that portion of the Sexual Misconduct Policy.  To the extent the allegations contained in paragraph 135 of Plaintiff's complaint are inconsistent with the Sexual Misconduct Policy, Defendants deny those allegations.

136.    In response to paragraph 136 of Plaintiff's complaint, Defendants state that the Sexual Misconduct Policy speaks for itself, and, to the extent the allegations contained in paragraph 136 are inconsistent with the Sexual Misconduct Policy, Defendants deny those allegations.

137.    In response to paragraph 137 of Plaintiff's complaint, Defendants state that the Sexual Misconduct Policy speaks for itself, and, to the extent the allegations contained in paragraph 137 are inconsistent with the Sexual Misconduct Policy, Defendants deny those allegations.

138.    In response to paragraph 138 of Plaintiff's complaint, Defendants admit that the Sexual Misconduct Policy, under the heading "Responding to Reports of Misconduct" and the sub-heading "Support Services," provides for actions to be taken after the Coordinator has received information regarding an allegation of Sexual Misconduct and that paragraph 138 of Plaintiff's complaint purports to quote that portion of the Sexual Misconduct Policy.   To the extent the allegations contained in paragraph 138 of Plaintiff's complaint are inconsistent with the Sexual Misconduct Policy, Defendants deny those allegations.

139.    In response to paragraph 139 of Plaintiff's complaint, Defendants admit that the Sexual Misconduct Policy contains a section addressing "Retaliation" and that paragraph 139 of Plaintiff's complaint purports to quote that section of the Sexual Misconduct Policy.   To the extent the allegations contained in paragraph 139 of Plaintiff's complaint are inconsistent with the Sexual Misconduct Policy, Defendants deny those allegations.

140.    In response to paragraph 140 of Plaintiff's complaint, Defendants state that the Sexual Misconduct Policy speaks for itself.   To the extent the allegations contained in paragraph 140 of Plaintiff's complaint are inconsistent with the Sexual Misconduct Policy, Defendants deny those allegations.

141.    In response to paragraph 141 of Plaintiff's complaint, Defendants state that the Sexual Misconduct Policy speaks for itself.   To the extent the allegations contained in paragraph 141 of Plaintiff's complaint are inconsistent with the Sexual Misconduct Policy, Defendants deny those allegations.

142.    Defendants admit the allegations contained in paragraph 142 of Plaintiff's complaint.

143.    In response to paragraph 143 of Plaintiff's complaint, Defendants state that the AU Code of Conduct (the "Code of Conduct") speaks for itself.  To the extent the allegations contained in paragraph 143 of Plaintiff's complaint are inconsistent with the Code of Conduct, Defendants deny those allegations.

144.    In response to paragraph 144 of Plaintiff's complaint, Defendants state that the Code of Conduct speaks for itself.  To the extent the allegations contained in paragraph 144 of Plaintiff's complaint are inconsistent with the Code of Conduct, Defendants deny those allegations.

145.    In response to paragraph 145 of Plaintiff's complaint, Defendants state that the Code of Conduct speaks for itself.  To the extent the allegations contained in paragraph 145 of Plaintiff's complaint are inconsistent with the Code of Conduct, Defendants deny those allegations.

146.    In response to paragraph 146 of Plaintiff's complaint, Defendants state that the Code of Conduct speaks for itself.  To the extent the allegations contained in paragraph 146 of Plaintiff's complaint are inconsistent with the Code of Conduct, Defendants deny those allegations.

147.    In response to paragraph 147 of Plaintiff's complaint, Defendants state that the Code of Conduct speaks for itself.  To the extent the allegations contained in paragraph 147 of Plaintiff's complaint are inconsistent with the Code of Conduct, Defendants deny those allegations.

148.    In response to paragraph 148 of Plaintiff's complaint, Defendants admit that Jane reported allegations of a sexual assault to Dr. Nina Paletta ("Dr. Paletta"), an AU employee. Defendants are without knowledge and information sufficient to form a belief as to the truth of the

remaining allegations contained in paragraph 148 of Plaintiff's complaint and can neither admit nor deny the same.

149.    In response to paragraph 149 of Plaintiff's complaint, Defendants admit that Dr. Elizaeth Gray ("Dr. Gray") is the dean of the Savannah Campus of AU MCG.  By way of further response, Defendants admit that Dr. Paletta contacted Dr. Gray in relation to Jane's allegations of a sexual assault.  Defendants are without knowledge and information sufficient to form a belief as to the remaining allegations contained in paragraph 149 of Plaintiff's complaint and can neither admit nor deny the same.

150.    In response to paragraph 150 of Plaintiff's complaint, Defendants admit that on April 10, 2025 Jane submitted a formal report of sexual assault (the "April 10 Report") to Julie Kneuker ("Kneuker"), the Title IX Coordinator for AU, and that in the April 10 Report Jane alleged that Plaintiff had sexually assaulted her.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 150 of Plaintiff's complaint and can neither admit nor deny the same.

151.    In response to paragraph 151 of Plaintiff's complaint, Defendants admit that Jane alleged in the April 10 Report that she was heavily intoxicated on the night of the Incident. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 151 of Plaintiff's complaint and can neither admit nor deny the same.

152.    Defendants deny the allegations contained in paragraph 152 of Plaintiff's complaint.

153.    In response to paragraph 153 of Plaintiff's complaint, Defendants admit that Plaintiff was charged with Nonconsensual Sexual Penetration.  Defendants are without knowledge

and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 153 of Plaintiff's complaint and can neither admit nor deny the same.

154.    In response to paragraph 154 of Plaintiff's complaint, Defendants admit that a formal investigation into Jane's claim of sexual assault began on April 16, 2025.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 154 of Plaintiff's complaint and can neither admit nor deny the same.

155.    In response to paragraph 155 of Plaintiff's complaint, Defendants admit that Plaintiff contacted Dr. Folami Powell ("Dr. Powell") on April 2, 2025.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 155 of Plaintiff's complaint and can neither admit nor deny the same.

156.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 156 of Plaintiff's complaint and can neither admit nor deny the same.

157.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 157 of Plaintiff's complaint and can neither admit nor deny the same.

158.    Defendants deny the allegations contained in paragraph 158 of Plaintiff's complaint.

159.    In response to paragraph 159 of Plaintiff's complaint, Defendants admit that Kneuker contacted Plaintiff on April 14, 2025 to discuss the claims made by Jane and the process and procedures related to a claim of sexual assault.  Defendants are without knowledge and

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 159 of Plaintiff's complaint and can neither admit nor deny the same.

160.   In response to paragraph 160 of Plaintiff's complaint, Defendants admit that Kneuker spoke with Plaintiff about the Incident on April 14 and April 15, 2025.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 160 of Plaintiff's complaint and can neither admit nor deny the same.

161.   Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 161 of Plaintiff's complaint and can neither admit nor deny the same.

162.   Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 162 of Plaintiff's complaint and can neither admit nor deny the same.

163.   Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 163 of Plaintiff's complaint and can neither admit nor deny the same.

164.   Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 164 of Plaintiff's complaint and can neither admit nor deny the same.

165.   In response to paragraph 165 of Plaintiff's complaint, Defendants admit that, in relation to discussing with Plaintiff his allegations that the sexual contact with Jane was nonconsensual from Plaintiff's perspective, Kneuker has testified via affidavit that she recalled "saying at one point [Plaintiff] was in position from behind which could be viewed as being in

(physical) control." Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 165 of Plaintiff's complaint and can neither admit nor deny the same.

166.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 166 of Plaintiff's complaint and can neither admit nor deny the same.

167.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 167 of Plaintiff's complaint and can neither admit nor deny the same.

168.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 168 of Plaintiff's complaint and can neither admit nor deny the same.

169.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 169 of Plaintiff's complaint and can neither admit nor deny the same.

170.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 170 of Plaintiff's complaint and can neither admit nor deny the same.

171.     In response to paragraph 171 of Plaintiff's complaint, Defendants admit that Kneuker has testified via affidavit that she "gave [Plaintiff] a heads up that [filing a cross-complaint] could be perceived as retaliatory." Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 171 of Plaintiff's complaint and can neither admit nor deny the same.

172.    Defendants deny the allegations contained in paragraph 172 of Plaintiff's complaint.

173.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 173 of Plaintiff's complaint and can neither admit nor deny the same.

174.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 174 of Plaintiff's complaint and can neither admit nor deny the same.

175.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 175 of Plaintiff's complaint and can neither admit nor deny the same.

176.    Defendants admit the allegations contained in paragraph 176 of Plaintiff's complaint.

177.    Defendants admit the allegations contained in paragraph 177 of Plaintiff's complaint.

178.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 178 of Plaintiff's complaint and can neither admit nor deny the same.

179.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 179 of Plaintiff's complaint and can neither admit nor deny the same.

180.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 180 of Plaintiff's complaint and can neither admit nor deny the same.

181.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 181 of Plaintiff's complaint and can neither admit nor deny the same.

182.    In response to paragraph 182 of Plaintiff's complaint, Defendants admit that AU assigned Kymyetta E. Turner ("Turner") to investigate Jane's allegations.  Defendants are without knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 182 of Plaintiff's complaint and can neither admit nor deny the same.

183.    In response to paragraph 183 of Plaintiff's complaint, Defendants admit that Turner interviewed Plaintiff on May 15, 2025.  Defendants are without knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 183 of Plaintiff's complaint and can neither admit nor deny the same.

184.    Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 184 of Plaintiff's complaint and can neither admit nor deny the same.

185.    Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 185 of Plaintiff's complaint and can neither admit nor deny the same.

186.    Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 186 of Plaintiff's complaint and can neither admit nor deny the same.

187.     Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 187 of Plaintiff's complaint and can neither admit nor deny the same.

188.     Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 188 of Plaintiff's complaint and can neither admit nor deny the same.

189.     Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 189 of Plaintiff's complaint and can neither admit nor deny the same.

190.     Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 190 of Plaintiff's complaint and can neither admit nor deny the same.

191.     Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 191 of Plaintiff's complaint and can neither admit nor deny the same.

192.     Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 192 of Plaintiff's complaint and can neither admit nor deny the same.

193.     Defendants deny the allegations contained in paragraph 193 of Plaintiff's complaint.

194.     Defendants admit the allegations contained in paragraph 194 of Plaintiff's complaint.

195.    In response to paragraph 195 of Plaintiff's complaint, Defendants admit the attachments to the AU Final Investigation Report (the "Final Investigation Report") included a recording of a conversation between Plaintiff and two individuals (the "Conversation Recording"). Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 195 of Plaintiff's complaint.

196.    In response to paragraph 196 of Plaintiff's complaint, Defendants admit that Turner was provided the Conversation Recording on May 6, 2025.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 196 of Plaintiff's complaint.

197.    Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 197 of Plaintiff's complaint and can neither admit nor deny the same.

198.    Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 198 of Plaintiff's complaint and can neither admit nor deny the same.

199.    In response to paragraph 199 of Plaintiff's complaint, Defendants deny that any action of the part of Defendants and/or AU denied Plaintiff the ability to defend the allegations against him as it relates to AU's administrative process.  Defendants are without knowledge and information sufficient to form a belief as to the remaining allegations contained in paragraph 199 of Plaintiff's complaint and can neither admit nor deny the same.

200.    In response to paragraph 200 of Plaintiff's complaint, Defendants admit that a hearing was held on July 18, 2025 concerning the allegations against Plaintiff (the "Hearing") and

that the Hearing was held before a three-person panel (the "Hearing Panel"). Defendants deny any remaining allegations contained in paragraph 200 of Plaintiff's complaint.

201.    In response to paragraph 201 of Plaintiff's complaint, Defendants admit that the written decision (the "Hearing Decision") of the Hearing Panel is dated July 25, 2025. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 201 of Plaintiff's complaint and can neither admit nor deny the same.

202.    In response to paragraph 202 of Plaintiff's complaint, Defendants admit that the Hearing Panel found, by a preponderance of the evidence, that Plaintiff had committed Nonconsensual Sexual Penetration. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 202 of Plaintiff's complaint.

203.    Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 203 of Plaintiff's complaint and can neither admit nor deny the same.

204.    Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 204 of Plaintiff's complaint and can neither admit nor deny the same.

205.    Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 205 of Plaintiff's complaint and can neither admit nor deny the same.

206.    Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 206 of Plaintiff's complaint and can neither admit nor deny the same.

207.    Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 207 of Plaintiff's complaint and can neither admit nor deny the same.

208.    Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 208 of Plaintiff's complaint and can neither admit nor deny the same.

209.    In response to paragraph 209 of Plaintiff's complaint, Defendants deny that the process employed by AU to investigate and adjudicate the allegations against Plaintiff were biased against any party involved.  Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 209 of Plaintiff's complaint and can neither admit nor deny the same.

210.    Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 210 of Plaintiff's complaint and can neither admit nor deny the same.

211.    In response to paragraph 211 of Plaintiff's complaint, Defendants deny that AU violated the Code of Conduct in relation to its investigation and adjudication of the allegations against Plaintiff.  Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 211 of Plaintiff's complaint and can neither admit nor deny the same.

212.    Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 212 of Plaintiff's complaint and can neither admit nor deny the same.

213.    In response to paragraph 213 of Plaintiff's complaint, Defendants admit that the Hearing Panel stated in its Hearing Decision that contradictions regarding Jane's intoxication was damaging to Plaintiff's credibility.  Defendants are without knowledge and information sufficient to form a belief as to the remaining allegations contained in paragraph 213 of Plaintiff's complaint and can neither admit nor deny the same.

214.    Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 214 of Plaintiff's complaint and can neither admit nor deny the same.

215.    In response to paragraph 215 of Plaintiff's complaint, Defendants admit that the Hearing Panel stated in the Hearing Decision that it considered contradictions in relation to Plaintiff's testimony.   Defendants are without knowledge and information sufficient to form a belief as to the remaining allegations contained in paragraph 215 of Plaintiff's complaint and can neither admit nor deny the same.

216.    Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 216 of Plaintiff's complaint and can neither admit nor deny the same.

217.    Defendants are without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 217 of Plaintiff's complaint and can neither admit nor deny the same.

218.    In response to paragraph 218 of Plaintiff's complaint, Defendants admit that the Hearing Decision references that Jane was consistent in her statements.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 218 of Plaintiff's complaint and can neither admit nor deny the same.

219.    In response to paragraph 219 of Plaintiff's complaint, Defendants admit that the Hearing Decision references that Jane was consistent in her statements.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 219 of Plaintiff's complaint and can neither admit nor deny the same.

220.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 220 of Plaintiff's complaint and can neither admit nor deny the same.

221.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 221 of Plaintiff's complaint and can neither admit nor deny the same.

222.    In response to paragraph 222 of Plaintiff's complaint, Defendants admit that a doorbell camera video shows Jane walking down a set of stairs.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 222 of Plaintiff's complaint and can neither admit nor deny the same.

223.    In response to paragraph 223 of Plaintiff's complaint, Defendants admit that a doorbell camera video shows Jane following Plaintiff on a sidewalk.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 223 of Plaintiff's complaint and can neither admit nor deny the same.

224.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 224 of Plaintiff's complaint and can neither admit nor deny the same.

225.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 225 of Plaintiff's complaint and can neither admit nor deny the same.

226.    In response to paragraph 226 of Plaintiff's complaint, Defendants admit that the Hearing Panel determined, by a preponderance of the evidence, that Jane was incapacitated on the night of the Incident.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 226 of Plaintiff's complaint and can neither admit nor deny the same.

227.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 227 of Plaintiff's complaint and can neither admit nor deny the same.

228.    In response to paragraph 228 of Plaintiff's complaint, Defendants admit that witnesses at the Hearing testified to the Hearing Panel that Jane was incapacitated.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 228 of Plaintiff's complaint and can neither admit nor deny the same.

229.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 229 of Plaintiff's complaint and can neither admit nor deny the same.

230.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 230 of Plaintiff's complaint and can neither admit nor deny the same.

231.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 231 of Plaintiff's complaint and can neither admit nor deny the same.

232.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 232 of Plaintiff's complaint and can neither admit nor deny the same.

233.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 233 of Plaintiff's complaint and can neither admit nor deny the same.

234.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 234 of Plaintiff's complaint and can neither admit nor deny the same.

235.    In response to paragraph 235 of Plaintiff's complaint, Defendants admit that the Hearing Decision references Plaintiff's military experience, his undergraduate degree, and his one year of medical school in its discussion of Plaintiff's knowledge of Jane's incapacitation. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 235 of Plaintiff's complaint and can neither admit nor deny the same.

236.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 236 of Plaintiff's complaint and can neither admit nor deny the same.

237.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 237 of Plaintiff's complaint and can neither admit nor deny the same.

238.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 238 of Plaintiff's complaint and can neither admit nor deny the same.

239.    In response to paragraph 239 of Plaintiff's complaint, Defendants admit that Jane had a year of medical school experience.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 239 of Plaintiff's complaint and can neither admit nor deny the same.

240.    In response to paragraph 240 of Plaintiff's complaint, Defendants deny that the process employed by AU to investigate and adjudicate the allegations against Plaintiff were biased against any party involved.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 240 of Plaintiff's complaint and can neither admit nor deny the same.

241.    In response to paragraph 241 of Plaintiff's complaint, Defendants admit that, in the Hearing Decision, the Hearing Panel discussed the "timing and nature" of Plaintiff's attempts to file a "counterclaim" against Plaintiff as it relates to the credibility of Plaintiff.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining

allegations contained in paragraph 241 of Plaintiff's complaint and can neither admit nor deny the same.

242.    In response to paragraph 242 of Plaintiff's complaint, Defendants admit that Plaintiff appealed the Hearing Decision on August 8, 2025 (the "Appeal") and, in that appeal, asserted procedural errors and inconsistent findings as a basis for that appeal.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 242 of Plaintiff's complaint and can neither admit nor deny the same.

243.    In response to paragraph 243 of Plaintiff's complaint, Defendants admit that Dr. Susan Davies issued a denial of the Appeal by letter dated August 22, 2025.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 243 of Plaintiff's complaint and can neither admit nor deny the same.

244.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 244 of Plaintiff's complaint and can neither admit nor deny the same.

245.    In response to paragraph 245 of Plaintiff's complaint, Defendants admit that Plaintiff made an appeal to the president of AU on August 28, 2025 (the "Presidential Appeal"). Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 245 of Plaintiff's complaint and can neither admit nor deny the same.

246.    Defendants admit that allegations contained in paragraph 246 of Plaintiff's complaint.

247.    In response to paragraph 247 of Plaintiff's complaint, Defendants admit that Kneuker added temporary filters to her Facebook profile picture during Sexual Assault Awareness month.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 247 of Plaintiff's complaint and can neither admit nor deny the same.

248.    In response to paragraph 248 of Plaintiff's complaint, Defendants admit that Kneuker added temporary filters to her Facebook profile picture during Sexual Assault Awareness month.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 248 of Plaintiff's complaint and can neither admit nor deny the same.

249.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 249 of Plaintiff's complaint and can neither admit nor deny the same.

250.    Defendants deny the allegations contained in paragraph 250 of Plaintiff's complaint.

251.    Defendants deny the allegations contained in paragraph 251 of Plaintiff's complaint.

252.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 252 of Plaintiff's complaint and can neither admit nor deny the same.

253.    In response to paragraph 253 of Plaintiff's complaint, Defendants respond that the photograph included in Plaintiff's complaint at paragraph 252 and referenced in paragraph 253 speaks for itself.  Defendants are without knowledge and information sufficient to form a belief as

to the truth of the remaining allegations contained in paragraph 253 of Plaintiff's complaint and can neither admit nor deny the same.

254.    In response to paragraph 254 of Plaintiff's complaint, Defendants respond that the photograph included in Plaintiff's complaint at paragraph 252 and referenced in paragraph 254 speaks for itself. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 254 of Plaintiff's complaint and can neither admit nor deny the same.

255.    In response to paragraph 255 of Plaintiff's complaint, Defendants deny that they or any one of them, including all constituent institutions of the Board such as AU, endorses the position that women who claim they have been sexually assaulted should be believed without question and deny that any photograph on any website associated with Defendants or any constituent institution is intended to relay this. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 255 of Plaintiff's complaint and can neither admit nor deny the same.

256.    In response to paragraph 256 of Plaintiff's complaint, Defendants deny that they or any one of them, including all constituent institutions of the Boards such as AU, enacts strict punishment based on a mere accusation by a female student and deny that any photograph on any website associated with Defendants or any constituent institution is intended to relay this. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 256 of Plaintiff's complaint and can neither admit nor deny the same.

257.    Defendants admit the allegations contained in paragraph 257 of Plaintiff's complaint.

258.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 258 of Plaintiff's complaint and can neither admit nor deny the same.

259.    Defendants admit the allegations contained in paragraph 259 of Plaintiff's complaint.

260.    Defendants admit the allegations contained in paragraph 260 of Plaintiff's complaint.

261.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 261 of Plaintiff's complaint and can neither admit nor deny the same.

262.    In response to paragraph 262 of Plaintiff's complaint, Defendants deny that they or any one of them, including constituent institutions such as AU, believe that only women can be victims of sexual violence.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 262 of Plaintiff's complaint and can neither admit nor deny the same.

263.    Defendants admit the allegations contained in paragraph 263 of Plaintiff's complaint.

264.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 264 of Plaintiff's complaint and can neither admit nor deny the same.

265.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 265 of Plaintiff's complaint and can neither admit nor deny the same.

266.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 266 of Plaintiff's complaint and can neither admit nor deny the same.

267.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 267 of Plaintiff's complaint and can neither admit nor deny the same.

268.    In response to paragraph 268 of Plaintiff's complaint, Defendants deny that Defendants or any one of them, including their constituent organizations such as AU, have an institutional anti-male bias.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 268 of Plaintiff's complaint and can neither admit nor deny the same.

269.    In response to paragraph 269, Defendants admit and belief, that Mark Myers ("Myers") was a member of the Hearing Panel.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 269 of Plaintiff's complaint and can neither admit nor deny the same.

270.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 270 of Plaintiff's complaint and can neither admit nor deny the same.

271.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 271 of Plaintiff's complaint and can neither admit nor deny the same.

272.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 272 of Plaintiff's complaint and can neither admit nor deny the same.

273.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 273 of Plaintiff's complaint and can neither admit nor deny the same.

274.    In response to paragraph 274, Defendants admit that Morgan Davis ("Davis") was a member of the Hearing Panel.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 274 of Plaintiff's complaint and can neither admit nor deny the same.

275.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 275 of Plaintiff's complaint and can neither admit nor deny the same.

276.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 276 of Plaintiff's complaint and can neither admit nor deny the same.

277.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 277 of Plaintiff's complaint and can neither admit nor deny the same.

278.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 278 of Plaintiff's complaint and can neither admit nor deny the same.

279.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 279 of Plaintiff's complaint and can neither admit nor deny the same.

280.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 280 of Plaintiff's complaint and can neither admit nor deny the same.

281.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 281 of Plaintiff's complaint and can neither admit nor deny the same.

282.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 282 of Plaintiff's complaint and can neither admit nor deny the same.

283.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 283 of Plaintiff's complaint and can neither admit nor deny the same.

284.    In response to paragraph 284 of Plaintiff's complaint, Defendants deny that they or any one of them, including the constituent institutions such as AU, have a culture that conforms to any bias as it relates to investigating and adjudicating allegations of sexual assault and deny that any events hosted on the campus of any constituent institution, including AU, are intended to evince any such culture.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 284 of Plaintiff's complaint and can neither admit nor deny the same.

285.    In response to paragraph 285 of Plaintiff's complaint, Defendants admit that AU has created a Domestic Violence Awareness Month Committee that works alongside with SafeHomes of Augusta Domestic Violence Center in relation to awareness efforts.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 285 of Plaintiff's complaint and can neither admit nor deny the same.

286.    In response to paragraph 286 of Plaintiff's complaint, Defendants admit that AU has held annual events that include the SafeHomes Survivors' Walk.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 286 of Plaintiff's complaint and can neither admit nor deny the same.

287.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 287 of Plaintiff's complaint and can neither admit nor deny the same.

288.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 288 of Plaintiff's complaint and can neither admit nor deny the same.

289.    Defendants deny the allegations contained in paragraph 289 of Plaintiff's complaint.

290.    Defendants deny the allegations contained in paragraph 290 of Plaintiff's complaint.

291.    Defendants deny the allegations contained in paragraph 291 of Plaintiff's complaint.

292.    Defendants deny the allegations contained in paragraph 292 of Plaintiff's complaint.

293.    Defendants deny the allegations contained in paragraph 293 of Plaintiff's complaint.

294.    In response to paragraph 294 of Plaintiff's complaint, Defendants admit that Plaintiff was expelled from AU in relation to the Incident and AU's investigation into the Incident. Defendants deny the remaining allegations contained in paragraph 294 of Plaintiff's complaint.

295.    Defendants deny the allegations contained in paragraph 295 of Plaintiff's complaint.

296.    Defendants deny the allegations contained in paragraph 296 of Plaintiff's complaint.

297.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 297 of Plaintiff's complaint and can neither admit nor deny the same.

298.    Defendants deny the allegations contained in paragraph 298 of Plaintiff's complaint.

299.    In response to paragraph 299 of Plaintiff's complaint, Defendants deny that AU ignored any evidence in relation to its investigation and adjudication of the allegations against Plaintiff.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 299 of Plaintiff's complaint and can neither admit nor deny the same.

300.    In response to paragraph 300 of Plaintiff's complaint, Defendants deny that AU ignored any evidence in relation to its investigation and adjudication of the allegations against

Plaintiff. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 300 of Plaintiff's complaint and can neither admit nor deny the same.

301. In response to paragraph 301 of Plaintiff's complaint, Defendants deny that AU ignored any evidence in relation to its investigation and adjudication of the allegations against Plaintiff. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 301 of Plaintiff's complaint and can neither admit nor deny the same.

302. In response to paragraph 302 of Plaintiff's complaint, Defendants deny that AU was biased towards any party as it relates to its investigation and adjudication of the allegations against Plaintiff. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 302 of Plaintiff's complaint and can neither admit nor deny the same.

303. Defendants deny the allegations contained in paragraph 303 of Plaintiff's complaint.

304. Defendants deny the allegations contained in paragraph 304 of Plaintiff's complaint.

305. Defendants deny the allegations contained in paragraph 305 of Plaintiff's complaint.

306. In response to paragraph 306 of Plaintiff's complaint, Defendants deny that they or any one of them is liable to Plaintiff. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 306 of Plaintiff's complaint and can neither admit nor deny the same.

307.    In response to paragraph 307 of Plaintiff's complaint, Defendants deny that they or any one of them is liable to Plaintiff.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 307 of Plaintiff's complaint and can neither admit nor deny the same.

308.    In response to paragraph 308 of Plaintiff's complaint, Defendants incorporate their response to paragraphs 1 through 307 of Plaintiff's complaint as if stated fully herein.

309.    In response to paragraph 309 of Plaintiff's complaint, Defendants respond that Title IX speaks for itself.  To the extent the allegations contained in paragraph 309 of Plaintiff's complaint are inconsistent with Title IX, Defendants deny those allegations.

310.    In response to paragraph 310 of Plaintiff's complaint, Defendants respond that Title IX speaks for itself.  To the extent the allegations contained in paragraph 310 of Plaintiff's complaint are inconsistent with Title IX, Defendants deny those allegations.

311.    Defendants cannot answer or deny the allegations contained in paragraph 311 of Plaintiff's complaint as stated.

312.    Defendants deny the allegations contained in paragraph 312 of Plaintiff's complaint.

313.    In response to paragraph 313 of Plaintiff's complaint, Defendants respond that Title IX speaks for itself.  To the extent the allegations contained in paragraph 313 of Plaintiff's complaint are inconsistent with Title IX, Defendants deny those allegations.

314.    In response to paragraph 314 of Plaintiff's complaint, Defendants state that Plaintiff asserts a legal conclusion, and Defendants deny any assertion about the law alleged in paragraph 314 of Plaintiff's complaint that is inconsistent with Title IX and the caselaw interpreting that

statute.  By way of further response, Defendants deny that they or any of them are liable to Plaintiff under an "erroneous outcome" theory or under any other theory.

315.    In response to paragraph 315 of Plaintiff's complaint, Defendants deny that gender bias was a motivating factor in AU's investigation and adjudication of the allegations against Plaintiff.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 315 of Plaintiff's complaint and can neither admit nor deny the same.

316.    Defendants deny the allegations contained in paragraph 316 of Plaintiff's complaint.

317.    Defendants deny the allegations contained in paragraph 317 of Plaintiff's complaint.

318.    Defendants deny the allegations contained in paragraph 318 of Plaintiff's complaint.

319.    Defendants deny the allegations contained in paragraph 319 of Plaintiff's complaint.

320.    Defendants deny the allegations contained in paragraph 320 of Plaintiff's complaint.

321.    Defendants deny the allegations contained in paragraph 321 of Plaintiff's complaint.

322.    Defendants deny the allegations contained in paragraph 322 of Plaintiff's complaint.

323.    Defendants deny the allegations contained in paragraph 323 of Plaintiff's complaint.

324.    Defendants deny the allegations contained in paragraph 324 of Plaintiff's complaint.

325.    Defendants deny the allegations contained in paragraph 325 of Plaintiff's complaint.

326.    Defendants deny the allegations contained in paragraph 326 of Plaintiff's complaint.

327.    Defendants deny the allegations contained in paragraph 327 of Plaintiff's complaint.

328.    Defendants deny the allegations contained in paragraph 328 of Plaintiff's complaint.

329.    Defendants deny the allegations contained in paragraph 329 of Plaintiff's complaint.

330.    Defendants deny the allegations contained in paragraph 330 of Plaintiff's complaint.

331.    Defendants deny the allegations contained in paragraph 331 of Plaintiff's complaint.

332.    Defendants deny the allegations contained in paragraph 332 of Plaintiff's complaint.

333.    Defendants deny the allegations contained in paragraph 333 of Plaintiff's complaint.

334.    Defendants deny the allegations contained in paragraph 334 of Plaintiff's complaint.

335.    In response to paragraph 335 of Plaintiff's complaint, Defendants incorporate their response to paragraphs 1 through 334 of Plaintiff's complaint as if stated fully herein.

336.    In response to paragraph 336 of Plaintiff's complaint, Defendants state that Plaintiff asserts a legal conclusion, and Defendants deny any assertion about the law alleged in paragraph 336 of Plaintiff's complaint that is inconsistent with Title IX and the caselaw interpreting that statute.  By way of further response, Defendants deny that Defendants or any one of them are liable to Plaintiff for selective enforcement under Title IX or under any other theory of liability.

337.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 337 of Plaintiff's complaint and can neither admit nor deny the same.

338.    Defendants admit the allegations contained in paragraph 338 of Plaintiff's complaint.

339.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 339 of Plaintiff's complaint and can neither admit nor deny the same.

340.    Defendants deny the allegations contained in paragraph 340 of Plaintiff's complaint.

341.    In response to paragraph 341 of Plaintiff's complaint, Defendants admit that AU investigated the allegations of Jane in relation to the Incident.  Defendants deny any remaining allegation contained in paragraph 341 of Plaintiff's complaint.  In particular, Defendants deny that AU accepted those allegations without investigation.

342.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 342 of Plaintiff's complaint and can neither admit nor deny the same.

343.    Defendants deny the allegations contained in paragraph 343 of Plaintiff's complaint.

344.    Defendants deny the allegations contained in paragraph 344 of Plaintiff's complaint.

345.    Defendants deny the allegations contained in paragraph 345 of Plaintiff's complaint.

The remainder of Plaintiff's Complaint contains prayers for relief.

In response, Defendants deny that Plaintiff's rights have been violated in any way or that Plaintiff is entitled to any relief from Defendants.

Defendants deny any allegation contained in Plaintiff's complaint that is not specifically admitted or denied herein.

WHEREFORE, having answered fully, Defendants hereby pray that Plaintiff's complaint be dismissed in its entirety with all costs cast upon Plaintiff, and for such other relief as this court deems just and proper, including, but not limited to, an award of reasonable attorney's fees incurred by Defendants in the defense of this action.

Respectfully submitted, this 28th day of October, 2025.

Christopher M. Carr          112505
Attorney General

Loretta L. Pinkston-Pope        580385
Deputy Attorney General

William W. Peters            515342
Senior Assistant Attorney General

*/s/ H. Thomas Shaw*
H. Thomas Shaw            596133
Special Assistant Attorney General

**ALEXANDER & VANN, LLP**

411 Gordon Avenue
Thomasville, GA 31792
Telephone: (229) 226-2565
Facsimile: (229) 228-0444
rrollins@alexandervann.com
tshaw@alexandervann.com

## **CERTIFICATE OF SERVICE**

This is to certify that on October 28, 2025, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

*s/ H. Thomas Shaw*
H. Thomas Shaw