IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>      Plaintiff,<br><br>      v.<br><br>BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, et al.,<br><br>      Defendants. | CIVIL ACTION NO.: 4:25-cv-233 |

**O R D E R**

The parties filed a Joint Motion for Protective Order. Doc. 32. The parties ask the Court to enter a protective order that mirrors the parties' agreement on the handling of confidential and other sensitive documents exchanged during discovery. For the following reasons, the Court **DENIES** the Joint Motion. The Court will, however, construe the Joint Motion as a stipulation under Federal Rule of Civil Procedure 29. The stipulation is binding on the parties, and the Court will consider the stipulation when resolving any disputes in this action.

Federal Rule of Civil Procedure 26(c) authorizes the Court to enter a protective order only "for good cause." Fed. R. Civ. P. 26(c)(1). Where the parties agree and no dispute is presented for judicial resolution, there is generally no basis for the Court to exercise its Rule 26(c) authority. See In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987) (explaining that good cause "generally signifies a sound basis or legitimate need to take judicial action").

Additionally, under Rule 29, parties may stipulate to discovery procedures, including how to handle confidential and sensitive information, as long as the stipulation does not interfere with deadlines in the case.  Fed. R. Civ. P. 29.  Courts in this Circuit have recognized that private agreements reached by the parties are enforceable against them, even without the Court's imprimatur, so long as they satisfy Rule 29.  See, e.g., Freeman v. NIBCO, Inc., 526 F. Supp. 3d 1112, 1122 (N.D. Ala. 2020) ("[D]istrict courts 'will normally enforce a stipulation unless enforcement would cause a manifest injustice.'") (quoting Hill v. Nelson, 676 F.2d 1371, 1373 n.8 (11th Cir. 1982)).

District courts in the Eleventh Circuit have declined to enter agreed upon protective orders in the absence of any live dispute, while recognizing that parties' stipulations are nonetheless binding.  See, e.g., Young v. Panera, LLC, No. 8:22-cv-2894, 2024 WL 1469408 (M.D. Fla. Mar. 15, 2024) (denying a motion for protective order in part because the parties could have stipulated to confidentiality provisions without court intervention); Campbell v. Universal City Dev. Partners, Ltd., No. 6:20-cv-846, 2024 WL 1095938, at *2–3 (M.D. Fla. Mar. 14, 2024) (finding "no material distinction" between a stipulated protective order and a stipulated confidentiality agreement).

Accordingly, the Court construes the pending Motion as a stipulation under Rule 29.  The Court will treat the stipulation as binding to the fullest extent permitted by law and will consider the stipulation when resolving any discovery disputes.  However: (1) the Court and its personnel are not parties to the stipulation and are not bound by its terms; (2) nothing in the parties' stipulation relieves any party from the obligation imposed by Local Rule 79.7; and (3) nothing in the stipulation limits the Court's discretion to determine whether evidence should be protected from public disclosure in light of the strong presumption in favor of access to court records.

The Court will generally only consider a motion for protective order where there is a genuine dispute requiring judicial intervention under Rule 26(c).  To the extent the parties have some disagreement about how to handle sensitive documents that requires Court intervention, the parties may file a motion seeking a ruling on that disagreement.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the parties' Joint Motion for Protective Order.  Doc. 32.  The Court construes the motion as a stipulation under Rule 29, which, as explained above, is binding on the parties.

**SO ORDERED**, this 13th day of March, 2026.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA