UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, *et. al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>4:25-CV-00233-RSB-BWC |

**JOINT MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY**

COME NOW John Doe ("Plaintiff") and the Board of Regents of the University System of Georgia (the "Board of Regents") and the Medical College of Georgia at Augusta University ("MCG"), who are named as defendants in this matter and collectively referred to as "Defendants," and, by and through their undersigned counsel, hereby requests this Honorable Court for an extension of one hundred and twenty (120) days to complete discovery in this case along with adjusting all deadlines accordingly. As grounds for this Motion, the Parties state the following:

1. Plaintiff filed his Verified Complaint in this matter on October 1, 2025, asserting claims pursuant to Title IX of the Education Amendments of 1972 . (Doc. 1.)

2. Along with his Verified Complaint, Plaintiff also moved for a temporary restraining order and preliminary injunction. (Doc. 4.)

3. Defendants responded to Plaintiff's motion for a temporary restraining order and preliminary injunction on October 10, 2025, and the Court held a hearing on Plaintiff's motion on October 14, 2025. (Doc. 19; Doc. 20.)

4. After hearing arguments, the Court denied Plaintiff's motion for a temporary restraining order and preliminary injunction at the hearing on October 14, 2025. (Doc. 20.)

5. On October 28, 2025, Defendants filed an answer to Plaintiff's Verified Complaint. (Doc. 21.)

6. After Plaintiff and Defendants (collectively, the "Parties") conferred and submitted a Rule 26(f) report (Doc. 27), on December 18, 2025, the Court entered a Scheduling Order. (Doc. 29.)

7. Pursuant to the Scheduling Order, the following discovery deadlines were entered by the Court:

- Written discovery was to be completed by February 13, 2026;
- Discovery depositions of fact witnesses should be completed by April 30, 2026;
- Plaintiff should serve expert witness reports by May 15, 2026
- Defendants should serve expert witness reports by June 15, 2026;
- A discovery status report is due July 20, 2026;
- A discovery status conference is scheduled for July 22, 2026;
- Discovery depositions of expert witnesses are to be completed until July 31, 2026;
- *Daubert* and dispositive motions are due August 31, 2026. (Doc. 29.)

8. The Parties exchanged written discovery ahead of the Court's deadline for written discovery. Plaintiff completed his document production on April 24, 2026. However, Plaintiff's claims and the discovery requests require the production of voluminous documents from Defendants. The Parties promptly advised the Court of this issue and filed a Joint Motion for Extension of Time to Complete Discovery on May 1, 2026. (Doc. 36.). The Court granted the May 1, 2026 Joint Motion and entered the following Amended Scheduling Order on May 6, 2026:

- Written discovery and depositions of fact witnesses are to be completed by July 29, 2026;
- Plaintiff's expert witness reports should be served by August 13, 2026;
- Defendants' expert witness reports should be served by September 14, 2026;
- A discovery status report would be due October 19, 2026;
- A discovery status conference would be scheduled for October 20, 2026;
- Discovery depositions of expert witnesses would be completed by October 29, 2026;
- *Daubert* and dispositive motions would be submitted by November 30, 2026. (Doc. 37.)

9. Due to the significant number of potentially relevant documents and communications in Defendants' possession, custody, and control, Defendants required additional time to review and produce all of their responsive, non-privileged documents and communications.

10. Following a series of telephonic status conference in June, August, and September 2026, the Court entered a Second Amended Scheduling Order on September 8, 2026 with the following deadlines:

- Expert Witness Report (Plaintiff) due by November 2, 2026;
- Expert Witness Report (Defendant) due by December 1, 2026;
- Status Report due by January 8, 2027;
- Discovery due by January 15, 2027;
- Motions due by February 15, 2027;
- Pretrial Order due by April 15, 2027. (Doc. 42.)

11. The deadlines in the Second Amended Scheduling Order were based on Defendants' representation that their document production would be completed by October 1, 2026.

12. Defendants have produced approximately 150,000 pages of documents and communications to date. Defendants provided a link to a supplemental production on October 28, 2026, but technical issues associated with Defendants' vendor have prevented Plaintiff from being able to access this supplemental production. The Parties are currently working to resolve this access issue. Defendants have indicated that they do not anticipate making any further supplemental productions once this technical issue is resolved unless Plaintiff identifies additional documents that he believes are missing from Defendants' prior productions.

13. As a result of the delay in the completion of Defendants' document production, the Parties have been unable to schedule depositions, which has in turn delayed Plaintiff's ability to prepare and serve his expert witness reports.

14. In addition, Plaintiff has recently enlisted in the United States Army and is currently on active duty. Due to obligations associated with his active duty service, the Parties anticipate difficulty in scheduling Plaintiff's deposition within the current discovery timeline.

15. In making the instant request, the Parties are mindful of the upcoming holiday season and its impact on witness and attorney availability. Additionally, Plaintiff is currently serving on active duty in the United States military. Accordingly, the Parties are requesting an extension of one hundred and twenty (120) days from the current deadlines to avoid the need for seeking additional time to complete discovery in this manner.

16. Said extension request, if granted, will not prejudice the Parties or the Court, and the Parties do not anticipate the necessity for additional extensions.

17. This is the Parties' second written request for an extension of discovery deadlines in this matter. As noted above, the Court granted the Parties' first written extension request. Following consultation with the Parties in a series of telephonic conferences, the Court also issued the aforementioned Second Amended Scheduling Order to account for Defendants' ongoing delay in completing their document production.

WHEREFORE, for the foregoing reasons, the Parties respectfully request this Honorable Court for an extension of one hundred and twenty (120) days to complete discovery and adjust the remaining deadlines accordingly.

Respectfully submitted,

FOR PLAINTIFF:

*/s/ Thomas A. Withers*
Thomas A. Withers
WITHERS LAW FIRM PC
8 East Liberty Street
Savannah, GA 31401
912-447-8400
twithers@witherslawfirmpc.com

Kimberly C. Lau (*pro hac vice*)
James E. Figliozzi (*pro hac vice*)
OFFIT KURMAN, P.A.
590 Madison Avenue, 6th Floor
New York, New York 10022
(212) 545-1900
kimberly.lau@offitkurman.com
james.figliozzi@offitkurman.com

FOR DEFENDANTS:

*/s/ H. Thomas Shaw*
H. Thomas Shaw 596133
ALEXANDER & VANN, LLP
411 Gordon Avenue
Thomasville, GA 31792
tshaw@alexandervann.com
Special Assistant Attorney General

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system on October 30, 2026 which will automatically send email notification to all counsel of record.

*/s/ Thomas A. Withers*

Thomas A. Withers

4926-1665-9164, v. 5